```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**WILLIAM HAZEL,**

                    **Petitioner,**

       v.                                    **CASE NO. 05-3337-RDR**

**WARDEN, U.S.P. LEAVENWORTH,**

                    **Respondent.**

## O R D E R

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner has paid the $5.00 district court filing fee, and proceeds pro se in this habeas action.

Petitioner is serving a sentence imposed for his conviction in the United States District Court for the Eastern District of Virginia in 1993.[1] In the instant application, petitioner alleges the sentencing court erred in calculating the amount of drugs involved in petitioner's criminal offenses. Petitioner seeks correction of the amount of drugs attributable to him, and readjustment of the offense severity level and guideline range for his sentence. Alternatively, petitioner seeks a transfer of

---

[1] *See* United States v. Hazel, Case 92-163-N-01 (E.D.Va.), *affirmed*, 41 F.3d 1504, 1994 WL 642198 (unpublished opinion) (4th Cir., November 15, 1994), *cert. denied*, 514 U.S. 1087 (1995).

this matter to the Eastern District of Virginia for resolution of petitioner's claim.  The court finds merit in this alternative request.

It is settled law that "[a] petition under 28 U.S.C. 2241 attacks the execution of a sentence rather than its validity.... It is not an additional, alternative, or supplemental remedy to 28 U.S.C. 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Likewise, it is settled that "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. 2255." Id. (internal quotation omitted).  Because petitioner makes no showing or compelling argument that the remedy afforded under 28 U.S.C. 2255 is inadequate or ineffective to address his claims,[2] and because the appropriate vehicle for petitioner's claims is that provided under 28 U.S.C. 2255 rather than 28 U.S.C. 2241, the court grants petitioner's request for a transfer of this action to the Eastern District of Virginia.

IT IS THEREFORE ORDERED that this matter is transferred to the United States District Court for the Eastern District of Virginia, Roanoke Division.

---

[2] The court does not decide whether any such relief remains available.  *See* 28 U.S.C. 2255 (one year limitation period) *and* (certification by appropriate Circuit Court of Appeals is required to pursue second or successive 2255 motion).  The fact that a petitioner has been unsuccessful in a prior motion under 2255 does not establish that the remedy provided by 2255 is inadequate. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nor is the remedy rendered inadequate or ineffective by the fact that petitioner cannot pursue a successive action under section 2255. Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999).

DATED: This 23rd day of August 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge